

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00116-CV

_____

REGINA NACHAEL HOWELL FOSTER, Appellant

V.

INFO TREE INVESTMENTS & MANAGEMENT, LLC, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2021-000942-1

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant Regina Nacheal Howell Foster's home was foreclosed upon and then sold to appellee Info Tree Investments & Management, LLC. *See Foster v. Infotree Invs. & Mgmt., LLC*, No. 07-20-00031-CV, 2021 WL 298446, at *1 (Tex. App.—Amarillo Jan. 28, 2021, pet. filed) (mem. op.) (affirming summary judgment for Info Tree on lawsuit Foster filed challenging the validity of homestead lien).

Info Tree served Foster with a notice to vacate and prevailed in the justice court and in the trial de novo in the county court at law regarding its right to possession of the property. The judgment awards possession and court costs but does not award damages or attorney's fees. *See Ratliff v. Homes by Ashley, Inc.*, No. 02-20-00014-CV, 2020 WL 1057320, at *1 (Tex. App.—Fort Worth Mar. 5, 2020, no pet.) (mem. op.) (noting that a forcible-detainer appeal becomes moot upon an appellant's eviction from the property unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property or unless damages or attorney's fees remain at issue).

Foster appealed to this court, but she did not timely file the required supersedeas bond. *See* Tex. Prop. Code Ann. § 24.007 (stating that a county court judgment may not be stayed pending appeal unless the appellant files a supersedeas bond in the amount set by the court within 10 days of the judgment's signing). Instead, Foster filed a petition for writ of mandamus in the Supreme Court of Texas, seeking it to order the county court to vacate its judgment. Only after the deadline

for filing her supersedeas bond had passed did Foster file an emergency motion to stay enforcement of the judgment and a motion to review supersedeas in this court.[1] This court denied her motion.

On May 7, 2021, Info Tree filed a motion to dismiss Foster's supreme court mandamus action based on mootness, arguing that Foster was no longer in possession of the property. The supreme court granted Info Tree's motion and dismissed the mandamus action as moot on May 14, 2021. Info Tree then filed a motion to dismiss the appeal in this court on the same basis, and to its motion it attached a copy of the April 29, 2021 writ of possession and the constable's return showing execution of the writ on May 7, 2021, at 10:00 a.m.

Foster did not initially file a response to Info Tree's motion to dismiss her appeal for mootness. Accordingly, we sua sponte requested that she file a response, expressing our concern that we lacked jurisdiction over the appeal and informing her that we could dismiss the appeal unless she filed a response showing grounds for continuing the appeal.

Foster filed a response, but it does not show grounds for continuing the appeal. Accordingly, we grant Info Tree's motion and dismiss the appeal as moot because a present controversy no longer exists between the parties. *See* Tex. R. App. P. 42.3(a), 43.2(f); *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (stating that a court loses

---

[1]Foster also sought an ex parte temporary restraining order in the trial court on May 4, 2021, but it was dissolved two days later.

jurisdiction when a case becomes moot); *Gillespie v. Erker*, No. 02-20-00331-CV, 2021 WL 733084, at *1–2 (Tex. App.—Fort Worth Feb. 25, 2021, no pet.) (mem. op.) (noting that the only issue in a forcible-detainer action is the right to actual possession of the property).

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: July 1, 2021